Harris vs. Dale & Co.

---

CASE 9—PETITION EQUITY—APRIL 19.

## Harris vs. Dale & Co.

APPEAL FROM BOYD CIRCUIT COURT.

1. For supplies furnished a hotel, of which she was the owner and one of the proprietors, a married woman executed her notes, which were not signed by her husband. The judgment of the circuit court, subjecting the hotel to sale to pay such notes, *is reversed.* The averments of the petition with reference to her business and estate were not such as to authorize proceedings against her as a married woman trading as a *feme sole;* nor did it appear whether she kept the hotel as a business of profit, or only as a means of support.

2. Supplies used in keeping a hotel as a business of profit, and not a mere means of support, cannot be regarded as necessaries furnished for the use of a family, within the meaning of the statute. (*See sec.* 1, *art.* 2, *chap.* 47, 2 *Stanton,* 8.)

3. *Necessaries.*—This term is one of relative signification, and should not generally be restricted in its application to such things merely, as are proper and requisite for sustenance, but often includes much more, depending on the circumstances, situation, and social position of the parties.

---

Harris vs. Dale & Co.

---

4.   The estate of a married woman is not liable for debts created by her
     during coverture, even for necessaries, unless the same are evidenced
     by writing signed by her and her husband.

GEO. E. ROE,                                    For Appellant,

CITED—

17 *B. Mon.*, 555; *Burgen, &c., vs. Forsythe.*

2 *Met.*, 522; *Toombs vs. Stone.*

3 *Met.*, 355–6; *Marshall vs. Miller.*

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

This case seems to have been tried on the admission of
the pleadings and the notes in controversy.  No other
exhibits were filed, nor was any testimony taken.

. The allegations of the petition, which are not contro-
verted by the appellant, Louisa P. Harris, import that
she was one of the proprietors and keepers of the "St.
Cloud Hotel," in Catlettsburg, and executed the notes
for supplies purchased to be used in the business of keep-
ing the hotel, which she owned in her own right; and
that she was the wife of her co-defendant, K. N. Harris,
when the suit was brought, the original petition in which
appears to have been filed on the day of the date of one
of the notes.

The averments of the petition with reference to her
business and estate are not such as to authorize proceed-
ings against her as a married woman trading as a *feme
sole;* nor can it be determined from them whether she
kept the hotel as a business of profit or only as a means
of support.

The only question to be determined, therefore, seems to
be, whether the plea of coverture set up in her answer is
available; and this depends on the proper construction
of the provision in the first section of article two of chap-
ter forty-seven of the Revised Statutes, which declares

that the estate of a married woman shall be liable for debts contracted by her after marriage "on account of necessaries for herself or any member of her family, her husband included, as shall be evidenced by writing, signed by her and her husband."

Although the term *necessaries* is one of relative signification, and should not generally be restricted in its application to such things merely as are proper and requsite for sustenance, but often includes much more, depending on the circumstances, situation, and social position of the parties, we are not of the opinion that supplies used in keeping a hotel as a business of profit, and not a mere means of support, can be regarded as necessaries furnished for the use of a family within the meaning of the statute. But the contracts, as evidenced by the notes in controversy, are liable to another and more radical objection. K. N. Harris, the husband of the appellant, did not unite with her in the execution of said notes, which were signed by her and R. P. Harris alone.

It seems to this court, therefore, as the case is now presented by the record, that the judgment is erroneous, and must be reversed.

On the return of the cause, if reasonable grounds are shown for allowing further preparation, the court should permit it to be made; otherwise, dismiss the petition.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.